**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARIUS HARRIS, # R-58131,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00252-JPG** |
| | ) | |
| **DENNIS LARSON,  SHAH VIPIN,** | ) | |
| **GARY GERST, DAN VAREL,** | ) | |
| **ZACHARY ROECKEMAN, and** | ) | |
| **UNKNOWN REGIONAL DIRECTOR OF** | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darius Harris, an inmate at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff asserts claims against Dr. Larson (medical doctor at Big Muddy); Dr. Shah Vipin (medical doctor at Western Illinois Correctional Center); Gary Gerst (physician assistant at Big Muddy); Dan Varel (physical therapist at Big Muddy); Zachary Roeckeman (warden at Big Muddy); and Unknown regional director of Wexford Health Services.  Plaintiff claims that Defendants have denied him adequate medical treatment for a knee and pinky finger injury.  (Doc. 1, p. 5).  Plaintiff seeks monetary and injunctive relief.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On August 2, 2010, Plaintiff injured his knee and fractured the pinky finger on his left hand while playing basketball. At the time, Plaintiff was incarcerated at Western Illinois Correctional Center ("Western").  (Doc. 1, p. 21).  Plaintiff was taken to the healthcare unit and seen by a nurse.  When Plaintiff told the nurse that he believed he had torn his ACL, she responded, "Are you a doctor?  How do you know that?"  Rather than order further tests, the nurse simply gave Plaintiff Tylenol and an ice pack for his knee.  Plaintiff then asked the nurse about treatment for his finger.  She replied that he was only being seen for his knee and instructed him to make an appointment if he wanted to see a doctor about his finger. *Id*.

Nearly three weeks later, Plaintiff saw Defendant Vipin Shah, a medical doctor at Western, about his finger and his swollen knee.  *Id*.  Plaintiff was scheduled to be transferred to Stateville Correctional Center on a court writ, so Defendant Shah refused to give Plaintiff any pain medication at that time, per security policy.  *Id*.

When Plaintiff returned to Western, he was seen by a nurse on September 20, 2010 and

his finger was placed in a splint, but he was still not given any medication for the pain. *Id*. at 22. An x-ray taken a few days later revealed that Plaintiff had a small evulsion fracture on the pinky finger of his left hand. *Id*.  Plaintiff was concerned that his finger was crooked and he had difficulty straightening it.  Defendant Shah said it was a "minor injury" and advised Plaintiff, "You'll probably never be able to straighten it, that's what happens with these types of injuries, exercise it and it'll be alright." *Id*. at 22.

In mid-October, Plaintiff's knee was x-rayed; Plaintiff met with Defendant Shah a few days later and was informed that the x-ray did not show any kind of injury. *Id*.  Plaintiff insisted that he had injured his ACL and that this type of injury would not show up on an x-ray.  Plaintiff requested an MRI, but Dr. Shah refused to authorize one.  He then told Plaintiff to leave his office and "suggested" that he would write Plaintiff a disciplinary ticket if he did not. *Id*.

Plaintiff saw Dr. Shah again in mid-November for his knee, which had continued to bother him, but Dr. Shah offered no treatment options other than suggesting that Plaintiff keep his leg elevated. *Id*. at 23.

Plaintiff was transferred to Big Muddy on April 4, 2011.  *Id*.  Since that time, Plaintiff has been seen by Defendant Larson, the medical doctor at Big Muddy, for his ongoing knee problems.  According to the medical records, Plaintiff has reinjured the same knee on at least one occasion. (Doc. 1, Exs. 19-22).  Defendant Larson has ordered at least two sets of x-rays on Plaintiff's knee.  The latest x-ray, in November 2014, showed that Plaintiff has "[n]o fracture, dislocation, or bony abnormality" of the knee, but he does have mild spurring on the tibial spines.  (Doc. 1, Ex. 23).  Plaintiff has continued to request an MRI, but Defendant Larson has refused Plaintiff's request for an MRI and maintained that Plaintiff does not have a torn ACL. Dr. Larson has also denied Plaintiff's request for a knee brace.  Dr. Larson, however, did refer

2Case 3:15-cv-00252-NJR-DGW   Document 8   Filed 04/02/15   Page 4 of 10   Page ID #76

Plaintiff to a physical therapist and maintains that this is the only option available to treat Plaintiff's knee. (Doc. 1, p. 23).

Plaintiff was seen by the physical therapist, Defendant Dan Varel, in mid-January, 2015. *Id*. at 24. Defendant Varel told Plaintiff that his leg should not be able to move the way it does. Plaintiff asserts that this confirms his belief that he has a torn ACL. *Id*. It is unclear from the Complaint whether Defendant Varel diagnosed Plaintiff with a torn ACL or if Plaintiff inferred the diagnosis from Defendant Varel's comments.

Plaintiff maintains that to this day he has limited use of his finger and that his knee still causes him pain. He contends that both of these problems could have been avoided if he had received proper treatment when he was first injured. *Id*. Plaintiff seeks monetary and injunctive relief.

## <u>Discussion</u>

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff has sufficiently alleged that his knee and pinky injuries are objectively serious to pass threshold review.  The question, therefore, is whether the named Defendants acted with the requisite deliberate indifference.

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")).  The Seventh Circuit has also found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist.  *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle*, 429 U.S. at 104 n.10).

**Defendants Vipin and Larson**

Plaintiff first saw Defendant Vipin (medical doctor at Western) and then Defendant Larson (medical doctor at Big Muddy) about his knee and pinky injury.  Plaintiff alleges that

both doctors refused to order an MRI on his knee, which he asserts is the only way to properly diagnose a torn ACL, even though he complained to each about the pain in his knee over an extended period of time.  Plaintiff maintains that the inadequate (or lack of) treatment of his knee and pinky injuries have caused him to suffer needlessly and neither injury has ever properly healed.  At this stage, the deliberate indifference claim against Defendants Vipin and Larson cannot be dismissed.

**Defendant Gerst**

Plaintiff names Gary Gerst (physician assistant at Big Muddy) in the caption of the complaint, but makes no mention of him in the statement of the claim.  As such, the Court is unable to ascertain what claim, if any, Plaintiff has against Defendant Gerst.

Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims in order to ensure that individual defendants are put on notice of the claims brought against them so that they may properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Gerst elsewhere in his complaint, he has not adequately stated a claim against him.  For this reason, Defendant Gerst will be dismissed from this action without prejudice.

**Unknown Regional Director of Wexford Health Services**

Similarly, Plaintiff names Unknown Regional Director of Wexford Health Services in the caption, but provides no explanation or facts suggesting why this individual should be held personally responsible for denying him adequate medical treatment.  As noted above, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  And in the case of Defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that the Unknown Regional Director is "personally responsible for the deprivation of a constitutional right," *id.*, and a Defendant cannot be liable merely because he supervised a person who caused a constitutional violation.  Accordingly, Defendant Unknown Regional Director of Wexford Health Services will be dismissed from this action without prejudice.

**Defendant Varel**

Plaintiff names Dan Varel, the physical therapist at Big Muddy, as a Defendant, but has failed to allege anything regarding Varel's conduct that would suggest that Varel acted with deliberate indifference towards Plaintiff.   In fact, he states, "Dan Varel confirmed for me what I thought and what Dr. Shah and Dr. Lawson had known but refused to treat." (Doc. 1, p. 23). Therefore, Defendant Varel shall also be dismissed without prejudice at this time.

**Zachary Roeckeman**

Finally, Plaintiff has named Zachary Roeckeman (warden at Menard) as a Defendant, but again has made no allegations that Defendant Roeckeman was personally violated Plaintiff's constitutional rights.  Defendant Roeckeman cannot be held liable merely because he is the chief administrator at Menard.  However, for purposes of injunctive relief, Defendant Roeckeman shall remain a Defendant in his official capacity as Warden of Menard.

### Pending Motions

Plaintiff's motion for preliminary injunction (Doc. 2) and motion for recruitment of counsel (Doc. 4) remain **PENDING** and shall be referred to a United States Magistrate Judge for a decision.

The motion for service of process at government expense (Doc. 5) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below for those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment medical needs claim for damages against Defendants **LARSON** and **VIPIN.**  Plaintiff may also proceed on his claim for injunctive relief against Defendant **ROECKEMAN,** but only in his official capacity as Warden of Menard.

**IT IS FURTHER ORDERED** that Defendants **GERST, VAREL,** and **UNKNOWN REGIONAL DIRECTOR OF WEXFORD HEALTH SERVICES** are **DISMISSED** from this matter without prejudice.

The Clerk of Court shall prepare for Defendants **LARSON, VIPIN,** and **ROECKEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms,

a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for preliminary injunction (Doc. 2) and motion for recruitment of counsel (Doc.

4).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  April 2, 2015**

                           *s/J. Phil Gilbert*
                           United States District Judge