IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARIUS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-252-JPG-DGW |
| | ) | |
| DENNIS LARSON, SHAH VIPIN, and | ) | |
| ZACHARY ROECKEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff, Darius Harris, on March 6, 2015 (Doc. 2). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED as MOOT** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Darius Harris, is currently incarcerated at the Big Muddy River Correctional Center. Plaintiff claims that he injured his knee and fractured a finger while playing basketball on August 2, 2010 (Doc. 17). Since that time, he alleges that he has not received adequate medical care and that he is in a "constant state of pain." He claims that his injuries are being re-injured and that the treatment to date, which includes 3 x-rays, is insufficient to evaluate and treat his condition. Plaintiff requests an MRI of his right knee. It is undisputed that Defendant, Dr. Dennis Larson, recommends an MRI – Plaintiff argues, however, that Wexford Health Sources

denied the procedure.   Plaintiff seeks a preliminary injunction compelling action on the part of

Defendants, namely, the scheduling of the MRI.

The procedure has since been authorized by Wexford Health Sources around June 12,

2015, after this lawsuit was filed (Doc. 35-2, p. 1).   Dr. Larson has submitted an affidavit

indicating that Plaintiff is scheduled for an MRI and that further evaluation will be made pending

the results (Doc. 35-1, p. 1).   Defendant Roeckeman, the Warden of Big Muddy, further has

indicated that a medical writ will be issued once Plaintiff has been scheduled for the MRI

(consistent with institutional needs) (Doc. 34-1, p. 1).

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).   The purpose of such an injunction is "to

minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El*

*v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

> 1. a reasonable likelihood of success on the merits;
> 2. no adequate remedy at law; and
> 3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir.

2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of

success – in other words, a greater than negligible chance of winning."   *AM General Corp. v.*

*DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   Once Plaintiff has met his burden, the

Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also

evaluate the effect of an injunction on the public interest."   *Id.*; *Korte v. Sebelius*, 735 F.3d 654,

665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In his brief in support of his Motion for a Preliminary Injunction, Plaintiff seeks:

> To have plaintiff sent out for a medical WRIT to have an MRI done on his right knee, and to take necessary measures to have treated and corrected the injuries shown by the MRI (Doc. 17, p. 1).

This request is being honored by Defendants[1] – Plaintiff has been scheduled for an MRI. His request for preliminary injunctive relief, then, is moot. *See e.g. Medlock v. Trustees of Indiana University*, 683 F.3d 880, 882 (7th Cir. 2012).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **DENIED as MOOT** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380

---

[1] Or more accurately by Wexford Health Sources in conjunction with Dr. Larson.

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 30, 3015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**