UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS HARRIS,<br><br>       Plaintiff,<br><br>   v.<br><br>DR. DENNIS LARSON, DR. VIPIN SHAH, GARY GERST, DAN VAREL, ZACHARY ROECKEMAN, WEXFORD HEALTH SOURCES, INC., NURSE L. BRADBURY, DR. RITZ, LESLIE MCCARTHY, GLADYSE C. TAYLOR and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>       Defendants. | No. 15-cv-252-JPG-DGW |

### MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 60) of Magistrate Judge Donald G. Wilkerson recommending that the Court dismiss plaintiff Darius Harris's Amended Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 (Doc. 44), deny as moot Harris's motion for leave to file a second amended complaint in light of his motion for leave to file a third amended complaint (Doc. 30) and grant in part Harris's motion for leave to file the third amended complaint to allow three of the seven claims pled to move forward (Doc. 45).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Harris has objected to the Report (Doc. 61) and has also filed a motion for leave to file a fourth amended complaint (Doc. 63). In his objection, Harris faults Magistrate Judge Wilkerson for considering the proposed Third Amended Complaint before it was actually filed. This procedure was appropriate because under Federal Rule of Civil Procedure 15(a), Harris needed leave of court before

filing the Third Amended Complaint.  Magistrate Judge Wilkerson correctly conducted the review under Rule 15(a) at the same time he conducted the review under 28 U.S.C. § 1915A(a) to arrive at his recommendations in the Report to allow an amended pleading but only with three of the counts pled.

As to the substance of the Report, Harris objects to the recommendation to dismiss four of the counts from the proposed Third Amended Complaint.  However, as noted above, in the meantime he has sought leave to file a Fourth Amended Complaint, which is identical to the Third Amended Complaint except that it contains (1) a new page 9 that adds a claim against Gladyse Taylor for deliberate indifference to his medical needs by failing to remedy Harris's grievance and (2) affidavits from Harris stating that with respect to his medical negligence/malpractice claims against defendants Wexford Health Sources, Inc. ("Wexford"), Larson, Shah, Taylor and Bradbury he has been unable to obtain the doctors report required to be attached to the complaint before the expiration of the statute of limitations and he has not previously voluntarily dismissed an action based on those claims, *see* 735 ILCS § 5/2-622(a)2.

Harris does not object to Magistrate Judge Wilkerson's recommendation to dismiss the Amended Complaint without prejudice (Doc. 44) or to deny the motion for leave to file the Second Amended Complaint as moot (Doc. 30).  Those recommendations are not clearly erroneous, so the Court will adopt them.

In light of the fact that Harris now seeks to file the Fourth Amended Complaint, the Court will further find the motion for leave to file the Third Amended Complaint (Doc. 45) is moot for the same reasons as his motion for leave to file the Second Amended Complaint is moot.

Finally, the Court considers Harris's motion for leave to file the Fourth Amended Complaint. The Court considers the motion under the standards of Rule 15(a) and 28 U.S.C. § 1915A(a).   That

pleading contains the following claims:

>**Count 1**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury against Defendants Dennis Larson and Vipin Shah beginning in August, 2010.
>
>**Count 2**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury in August 2010 against Defendant Nurse L. Bradbury.
>
>**Count 3**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee injury against Defendant Dr. Ritz for failing to approve an MRI prior to June 5, 2015.
>
>**Count 4**: State law medical malpractice claims against Defendants Drs. Larson, Shah, and Ritz.
>
>**Count 5**: Defendants Leslie McCarthy and Gladyse C. Taylor failed to respond or act on grievance or appeal filed regarding Plaintiff's medical care.
>
>**Count 6**: Defendant Wexford Health Sources, Inc. failed to adequately manage its employees and has unconstitutional policies and practices.
>
>**Count 7**: Defendants Gladyse C. Taylor, the Illinois Department of Corrections, and Wexford Health Sources, Inc., are negligent in providing health care and are the equivalent of hospitals.

For the reasons Magistrate Judge Wilkerson set forth in the Report as to the proposed Third Amended Complaint, Counts 1, 2 and 3 of the proposed Fourth Amended Complaint will be allowed to proceed.

Magistrate Judge Wilkerson recommended dismissal of Counts 4 and 7 of the Third Amended Complaint because they did not contain the affidavit required by 735 ILCS § 5/2-622(a). Harris's Fourth Amended Complaint has remedied that deficiency as to some defendants but suffers from the same flaw as to others. It contains sufficient affidavits as to defendants Wexford, Larson, Shah and Taylor. Therefore, the Court will allow Count 4 to proceed against Larson and Shah and Count 7 to proceed against Taylor and Wexford. Harris has 90 days from the date the Fourth Amended Complaint

is filed to file a written report from a qualified health professional stating that the claims against each defendant in Counts 4 and 7 are reasonable and meritorious. 735 ILCS § 5/2-622(a)2. The Court will dismiss without prejudice Count 4 against Ritz and Count 7 against the Illinois Department of Corrections for failure to attach the affidavit required by 735 ILCS § 5/2-622(a).

As for Counts 5 and 6, having considered Harris's arguments in his objections on these issues, the Court dismisses Counts 5 and 6 for the reasons stated in the Report.

Accordingly, the Court hereby:

- **ADOPTS** the Report (Doc. 60) as **MODIFIED** by this order;

- **OVERRULES** Harris's objections (Doc. 61);

- **DISMISSES without prejudice** Harris's Amended Complaint (Doc. 44);

- **DENIES as moot** Harris's motion for leave to file a second amended complaint (Doc. 30) and motion for leave to file a third amended complaint (Doc. 45);

- **GRANTS** Harris's motion for leave to file the Fourth Amended Complaint (Doc. 63) and **DIRECTS** the Clerk of Court to file the pleading tendered with this motion;

- **ORDERS** that Harris shall be allowed to proceed on the following counts:

    - **Count 1**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury against Defendants Dennis Larson and Vipin Shah beginning in August, 2010.

    - **Count 2**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury in August 2010 against Defendant Nurse L. Bradbury.

    - **Count 3**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee injury against Defendant Dr. Ritz for failing to approve an MRI prior to June 5, 2015.

    - **Count 4**: State law medical malpractice claims against Defendants Drs. Larson and Shah.

    - **Count 7**: Defendants Gladyse C. Taylor and Wexford Health Sources, Inc., are negligent in providing health care and are the equivalent of hospitals.

- o Dr. Roeckeman remains in this suit solely for the purpose of perfecting injunctive relief.

- **ORDERS** that Harris shall have 90 days from the date the Fourth Amended Complaint is filed to file a written report from a qualified health professional stating that the claims against each defendant in Counts 4 and 7 are reasonable and meritorious. The failure to file a timely and adequate report may result in dismissal of Counts 4 and 7 without further warning;

- **DISMISSES without prejudice** Count 4 against Ritz and Count 7 against the Illinois Department of Corrections;

- **DIRECTS** the Clerk of Court to prepare and mail Notice of Lawsuit and Waiver of Summons for Ritz, Nurse Bradley and Wexford;

- **DIRECTS** the Clerk of Court to correct defendant Shah's name on the docket to "Vipin Shah," not "Shah Vipin" and to terminated McCarthy, Arthur Funk and the Illinois Department of Corrections from this suit;

- **DENIES as moot:**

  - o Shah's motion to dismiss (Doc. 52) in light of the Fourth Amended Complaint, which supersedes the pleading to which the motion is directed;

  - o Harris's motions for appointment of counsel (Docs. 46, 51) in light of his most recent motion for appointment of counsel; and

  - o Harris's motion for status (Doc. 48) in light of this order; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:** December 8, 2015

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**