IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-252-NJR-DGW |
| ) | |
| DENNIS LARSON, VIPIN SHAH, ) | |
| ZACHARY ROECKEMAN, DR. RITZ, and ) | |
| NURSE L. BRADBURY, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendant Dr. Ritz (Doc. 88) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

#### INTRODUCTION

Plaintiff is proceeding on the Fourth Amended Complaint, filed on December 8, 2016 (Doc. 65), alleging that he was denied adequate medical care related to a knee and finger injury beginning in August 2010. Due to various Orders, Plaintiff is proceeding on the following claims:

**Count 1**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury against Defendants Dennis Larson and Vipin Shah beginning in August, 2010

**Count 2**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee and finger injury in August 2010 against Defendant Nurse L. Bradbury.

**Count 3**: Eighth Amendment claim for deliberate indifference to his serious medical needs related to his knee injury against Defendant Dr. Ritz for failing to approve an MRI prior to June 5, 2015.

(Docs. 64 and 87).

Warden Roeckeman also remains in this suit solely for the purpose of perfecting injunctive relief. The pending is the Motion for Summary Judgment on the Issue of Exhaustion was filed by Defendant Ritz on March 23, 2016 (Doc. 88). Plaintiff also filed a Motion for Preliminary Injunction on June 21, 2016 (Doc. 103). A hearing was set on the two motions for July 14, 2016.[1] This Report and Recommendation only covers the exhaustion issue (Doc. 88).

## FINDINGS OF FACT

The only Defendant who seeks summary judgment on exhaustion is Dr. Stephen Ritz. As indicated above, Plaintiff claims that Dr. Ritz was deliberately indifferent to his serious medical need by failing to approve an MRI of his knee prior to June 5, 2015. In particular, Plaintiff claims that when Dr. Larson referred him for an MRI of his knee on January 19, 2015, Plaintiff found out (on February 6, 2015) that the MRI was denied by someone else. He later learned that it was denied by Dr. Ritz after what is commonly termed "collegial" – a meeting between various employees of Wexford Health Sources to approve or disapprove of medical treatment recommended by a treating physician. An MRI was eventually approved on June 5, 2015, "4

---

[1] On July 11, 2016, Plaintiff filed a motion to continue the hearing in order to subpoena witnesses to support his claim for a preliminary injunction (Doc. 110). Plaintiff requested six subpoenas, but did not indicate the names of the witnesses, or the testimony that he seeks to elicit. The Motion was denied on August 4, 2016 (Doc. 114).

years, 10 months and 4 days after suffering the knee injury" (Doc. 65, p. 7).

On February 1, 2015, Plaintiff signed an emergency grievance while he was housed at the Big Muddy River Correctional Center (Doc. 89-2, pp. 2-3). In this grievance, Plaintiff outlines his knee injury and subsequent medical care from August 2, 2010 to February 1, 2015. He generally complains of being in pain since the basketball injury, that the injury bothers him and causes difficulty walking, that he has not been given adequate medical care during the entire period, and that his knee is getting worse. He complains of various nurses and Defendant Larson. In particular, he states that in November 2014, Dr. Larson refused to order an MRI. Plaintiff further states that Dan Varel, a physical therapist, told him in January 2015 that he has some significant deformities in his knee. Missing from the grievance is any mention of the January 19, 2015 medical appointment with Dr. Larson or Dr. Ritz and the denial of the MRI that had been recommended by Dr. Larson at that time.

Emergency review was denied on February 3, 2015 (*Id*. 2). The grievance was received by his counselor on February 4, 2015 and a box is checked indicating that it is "outside jurisdiction of this facility." Plaintiff mailed the grievance to the Administrative Review Board ("ARB") which received it on February 17, 2015. The ARB responded by stating: "Issues are 60 days past time frame to review. 1/14/15 Physical therapy appointment not grievable as offender was not denied anything" (*Id*. 1).

Defendant Ritz's sole argument is that Plaintiff did not submit a grievance that names or describes him at all.

The Court finds that Plaintiff only submitted the February 1, 2015 grievance and that it is the only grievance that may be related to Dr. Ritz's involvement in Plaintiff's medical care.

**CONCLUSIONS OF LAW**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182

F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* §504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO

in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Illinois' Administrative Code outlines what a grievance should contain:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

*Id*. § 504.810(b).

The February 1, 2015 grievance does not mention that Dr. Larson recommended an MRI on January 19, 2015. It also does not mention Dr. Ritz or Plaintiff's belief that he (or someone in his position) did not approve of the diagnostic test; nor could it because Plaintiff did not learn of Dr. Ritz's involvement until after February 6, 2015. As such, the grievance could not have been intended to be about, nor does it implicitly or explicitly concern, the actions of Dr. Ritz. Plaintiff's February 1, 2015 grievance would not have notified or otherwise informed Dr. Ritz of Plaintiff's claims against him such that the claim could be addressed by the prison.

Plaintiff may be claiming that because there has been an on-going constitutional violation, he was not required to file an additional grievance about Dr. Ritz. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). ("In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."). In this case, however, Plaintiff is not simply complaining of a treating physician's continuing failure to provide medical care, and specifically an MRI; rather, he is complaining of another doctor's decision to deny an MRI after his treating doctor recommended the test. Just as a change in treatment provider necessarily changes the conditions of the medical care provided, thus necessitating a new grievance, s*ee Burt v. Berner*, 2015 WL 1740044 (S.D. Ill. 2015), so too does the addition of a new Defendant whose involvement in a matter is not addressed in a grievance (potentially) alleging a continuing violation. To find otherwise would allow an inmate to cast a net and draw in any person who is involved in medical treatment after a grievance is filed that does not name, identify, or otherwise mention that person.

**RECOMMENDATIONS**

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendant Dr. Ritz (Doc. 88) be **GRANTED**, that Defendant Ritz and Count 3 be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 4, 2016**

*/s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**