IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-00252-NJR-DGW |
| | ) |
| DENNIS LARSON, VIPIN SHAH, and | ) |
| ZACHARY ROECKEMAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 144), which recommends the denial of the Motion for Preliminary Injunction filed by Plaintiff Darius Harris (Doc. 103).

In his Fourth Amended Complaint, filed December 8, 2015, Harris alleges that he was denied adequate medical care related to a knee and finger injury while incarcerated at Western Illinois Correctional Center and Big Muddy River Correctional Center (Doc. 65). Harris seeks a preliminary injunction directing Dr. Francis Kayira,[1] who is not a defendant in this case, to order an MRI of his right knee, to send him for a follow-up appointment with the doctor who performed his ACL replacement and partial meniscectomy surgery, and to order appropriate medical attention at Graham Correctional Center, where he is currently housed.

---

[1] The motion also references Dr. Stephen Ritz, who was dismissed from this lawsuit on August 29, 2016 (Doc. 121).

Magistrate Judge Wilkerson held a hearing on Harris's motion on July 14, 2016, and issued the Report and Recommendation currently before the Court on February 22, 2017. Objections to the Report and Recommendation were due on or before March 8, 2017. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Harris's motion and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Harris has failed to sufficiently demonstrate that he will suffer imminent, irreparable harm absent preliminary injunctive relief. As Magistrate Judge Wilkerson explained, Harris's motion does not implicate any defendant in this action or seek relief related to Harris's underlying claims. Therefore, none of the named defendants are in a

position to give Harris the relief he is requesting, i.e., additional diagnostic tests for his knee pain. To the extent Harris is seeking to add claims or defendants to this lawsuit, his motion is improper. Should Harris wish to pursue any claims against Dr. Francis Kayira or any other person not named in the operative Complaint, he should file a new lawsuit. The Court agrees with Magistrate Judge Wilkerson that, in this instance, there is no justification for the "extraordinary and drastic remedy" of injunctive relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 144) in its entirety and **DENIES** the Motion for Preliminary Injunction filed by Plaintiff Darius Harris (Doc. 106).

**IT IS SO ORDERED.**

DATED: March 10, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**