IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARIUS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-252-NJR-DGW |
| | ) | |
| DENNIS LARSON, VIPIN SHAH, ZACHARY ROECKEMAN, DR. RITZ, and NURSE L. BRADBURY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Allow Counsel to Withdraw from Representation filed by Plaintiff, Darius Harris, on November 29, 2017 (Doc. 167). The Motion is **GRANTED**.

Plaintiff states that counsel, Charles L. Joley, has failed to communicate with him since February, 2017 despite attempts to contact him thereafter. Plaintiff believes that counsel is disinterested in representing him. The last document that Plaintiff is aware of is the motion for summary judgment filed on June 5, 2017 (Doc. 156). Attorney Joley, notwithstanding receipt of the motion, has not filed a response or otherwise communicated with the Court. This Court can only assume, then, that that statements made in Plaintiff's motion are accurate. This is not the first time Plaintiff has complained about Mr. Joley's lack of communication (Docs. 136, 137).

Local Rule 83.12 provides that "any party for whom counsel has been assigned shall be permitted to request the judge discharge that counsel from the assignment and assign another." Such a request should be made "promptly after the party becomes aware of the reasons giving rise to the request, or within such additional period as may be permitted by the judge for good cause

shown." *Id*. It is clear from Plaintiff's motion, and a previous motion, that he has been dissatisfied with Mr. Joley's representation for several months and his request to discharge Mr. Joley is supported by good cause. Mr. Joley is bound by Illinois' Rules of Professional Conduct. *See* Local Rule 83.2(b). As such, he is required to communicate with Plaintiff as to the status of this case, promptly respond to requests for information, and explain matters so that Plaintiff can make informed decisions. *See Illinois Rules of Professional Conduct of 2010, Rule 1.4*. The Court cannot determine from the record whether Mr. Joley is performing these basic communication tasks. As such, the Court accepts Plaintiff's representation that Mr. Joley did not share his response to the Motion for Summary Judgment with Plaintiff prior to filing it with the Court (Doc. 163). Accordingly, good cause exists for the discharge of Mr. Joley.

Mr. Joley's representation of Plaintiff is hereby **TERMINATED**. Mr. Joley is **DIRECTED** to mail to Plaintiff no later than January 12, 2018 his complete file. The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the docket sheet in this matter and a copy of the Motion for Summary Judgment (and memorandum and attachments) and the response (Docs. 156, 157, and 163). Plaintiff is **GRANTED** leave to file an additional response to the Motion for Summary Judgment by **January 29, 2018**.

**DATED: January 9, 2018**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**